# I. N. HILL v. CHARLES E. GLASSPOOLE and Another.[1]

May 24, 1912.

Nos. 17,527—(100).

**Action against corporation — complaint sufficient.**

Action against a corporation for commission upon sale of certain land. The complaint alleged that defendant G, for himself and the corporation, promised to pay plaintiff, that the corporation adopted plaintiff's previous employment as agent to sell, and a contract made a part of the complaint showed that G at the time was president of the corporation. *Held:* A demurrer to the complaint by each defendant was properly overruled. [Reporter.]

Action in the district court for Ramsey county against Charles E. Glasspoole and the St. Paul Land Company to recover $11,400 commission alleged to be due upon a sale of land. From orders, Kelly, J., overruling their separate demurrers to the complaint, defendants appealed. Affirmed.

*John D. O'Brien* and *Clapp & Macartney*, for appellants.

*B. H. Schriber*, for respondent.

PER CURIAM.

A complaint for commission upon sale of twelve thousand acres of land set out, with great particularity, how plaintiff had been employed by the defendant

1 Reported in 136 N. W. 261.

Glasspoole and another; that Glasspoole bought out the one interested with him in the sale of large tracts of land in Montana; that although plaintiff made efforts to negotiate sales, none were consummated under two written contracts of employment set out; that then the defendant corporation was formed to take over Glasspoole's interest, and he became the principal stockholder therein. Thereupon plaintiff was continued as agent; the allegation being that the corporation adopted plaintiff's employment. Finally it is alleged that plaintiff procured one Rodgers to go to Montana and investigate the land, and in order to induce Rodgers to purchase twelve thousand acres thereof, it is alleged that the defendant Glasspoole requested plaintiff to buy one section of said twelve thousand acres at $25 per acre, that if plaintiff did, Rodgers would purchase, and the defendants would thereupon pay plaintiff one dollar per acre commission, $1,000 thereof would be paid at the time of the transaction and the balance there-after, so that plaintiff might use it to pay for the section to be bought. It is further alleged this was carried out, a contract executed by the defendant corporation to Rodgers for the sale of twelve thousand acres, upon which has been paid more than $50,000, and one contract from Rodgers to plaintiff for the sale of said one section at $25 per acre, upon which the defendants allowed Rodgers a credit on his contract with it for $1,000 to be applied on plaintiff's contract.

The defendants demurred separately to the complaint. The demurrers were overruled.

No serious contention is made that the complaint does not state a cause of action as to Glasspoole. The only excuse for interposing a demurrer by the corporation is that there is a failure to aver authority in Glasspoole to act for the corporation. The allegation is that Glasspoole, for himself and the corporation, promised to pay plaintiff; also, that the corporation adopted plaintiff's previous employment as agent to sell; and further, a contract, made a part of the complaint, shows that Glasspoole at the time was the president of the corporation. The demurrer of each defendant was properly overruled.

Order affirmed.